### DEFENSE OF PAYMENT.

Circuit Court of Cuyahoga County.

THOMAS C. WILLARD v. WM. C. WOOD.

Decided, November 12, 1906.

*Pleadings—Evidence Received on Issue Not Raised in Them—Charge on Issued so Raised.*

In a suit to recover commissions for sale of real estate the answer denied that plaintiff made the sale, and alleged that a third person made the sale and was paid therefor. The reply alleged that whatever the third person had to do with the sale was as the agent of plaintiff. The court charged, among other things, that if the jury found that the third person was a partner of plaintiff, payment to him would be payment to plaintiff. The bill of exceptions not giving the evidence received in the case, *Held:* Competent evidence might have been received, without objection, that the third person was a partner of plaintiff, and so it was not error to charge upon that subject.

*E. J. Pinney,* for plaintiff in error.
*White, Johnson, McCaslin & Cannon,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Willard brought a suit against Wood, and the petition which he filed upon instituting the suit reads:

"Plaintiff says that the defendant is a resident of the city of Cleveland and state of Ohio; that on or about the 6th day of

May, 1901, the said defendant was the owner of a certain apartment house on Clinton street in the city of Cleveland, and that he then and there employed the plaintiff to sell the same or find a purchaser therefor; and the said defendant then and there agreed to pay plaintiff in case he·should sell or find a purchaser for said property a 2 per cent. commission on the price for which said property should be sold.

"Plaintiff says that he did find a purchaser in one John A. Zangerle and that the property was sold to the said Zangerle on or about the 23d day of December, 1901, for the sum of $34,000.

"Wherefore there is due the plaintiff from defendant for services so rendered as above set forth the sum of $680, which the defendant refuses to pay and for which plaintiff asks judgment with interest thereon from the 23d day of December, 1901, and the costs of this action."

To that the defendant answers:

"And now comes said defendant, by White, Johnson, McCaslin & Cannon, his attorneys, and for answer to the petition filed herein by said plaintiff says:

"He denies each and every averment in said petition contained except that the defendant owned a certain apartment house on Clinton street in the city of Cleveland, and that plaintiff did, at one time, attempt to sell the same."

Years ago, when most of you men were not practicing attorneys, it was a question whether or not there was a general denial in the language used here. That it is a denial has been settled by the court. Then follows:

"The facts in relation to the matters referred to in said petition are these: Plaintiff at one time attempted to sell the apartment house referred to, for defendant, but without success. Having failed so to do, and a long time having elapsed, one George Downing, a real estate man, found a purchaser in one John A. Zangerle, and defendant paid to him a commission for procuring such sale, without any claim being made by said Willard that he was entitled to any portion of the compensation therefor, and without said Willard having, in fact, anything to do with procuring said purchaser."

To that answer a reply was filed, as follows:

"Now comes the plaintiff and for reply to the answer of defendant herein, says plaintiff admits he did attempt to sell the

apartment house referred to for defendant, and for his reply plaintiff says that he denies that George Downing, real estate agent, found the purchaser for the property, viz., John A. Zangerle, but plaintiff avers he found the said Zangerle himself and that during the months of August and September, 1901, plaintiff submitted to the said defendant two offers from the said Zangerle.

"Plaintiff further for reply says that he did make a claim for commissions on the property before the said transfer and sale were completed, and further says that he did notify the said defendant of his claim for commissions and also notified defendant not to pay the said Downing any compensation whatever.

"Plaintiff for further reply said that he did so procure the said purchaser for said property. Plaintiff further denies each and every averment in said answer contained, not specifically admitted by said defendant."

Upon this state of the pleadings the case went to trial to a jury and resulted in a verdict for defendant.

A bill of exceptions is filed here, which contains none of the evidence. The language of the bill is:

"The plaintiff introduced evidence to maintain the issues on his part, and thereupon the defendant rested.

"And thereupon the defendant introduced evidence to maintain the issues on his part, and the defendant rested.

"And thereupon the plaintiff requested the court to charge each of the following written requests separately."

Then follows a series of requests not made under the statute requiring the charge to be made before argument, but simply the general request that the court charge these propositions. We will not take time to read the several propositions. We have given them careful consideration, as well as the charge. To the extent that they embody the law, we think they were contained in the general charge. If it had been requested that they be given before argument, it would not be sufficient that they were given in the general charge. There was no error in refusing to charge as requested.

But it is said, and the only matter to which we give attention is a complaint made as to what the court did say in its charge.

The thing to which we call attention is this part of the charge:

"That brings us to the issues between the parties. There being no question but that the property was sold, was transferred from Wood to Zangerle, the real contest between the parties is as to what was the agency that brought about that transfer. The plaintiff says that he brought it about and the defendant says that he did not. Now the plaintiff says that he was the agency, the instrumentality, as you have heard his counsel use the term and perhaps counsel on the other side also, that he was the procuring or efficient cause that brought these two minds together, that is, Wood's mind and Zangerle's, and made this a completed transaction. Willard says that while Downing had something to do with this matter, that Downing was only an instrumentality used by him, just as an office boy might be, or the telephone might be, or the United States mail might be; that Downing was a mere agent of his, Downing was not working for himself at all but was working for Willard, just, as I say, as an office boy might."

Further the court said:

"The defendant sets forth another claim, and that is this: The defendant says that Downing was not, as the plaintiff called him, a mere runner for the plaintiff Willard, he was not the mere agency and instrumentality to carry out Willard's independent work, but the defendant says that Willard and Downing together or Willard, Downing and Ringle together, acting jointly, the one not independent of the other, but acting as partners is the term that has been used in argument, and I think you understand just what it means that these three people or these two people were acting together to bring about this common end, and that being partners, that being their joint relation, that they had a right to pay Downing and the payment either to Willard or to Downing or to Ringle, that is, the payment to one partner would pay the payment to all. And I say to you, gentlemen, that that is the law, if you find that these people were jointly interested, that is, if Downing was not the subordinate of Willard but was his partner, as it were, then payment to Downing would be payment to all; payment to one partner would be payment to all."

It is insisted that under the pleadings in this case there could have been no such issue between the parties on the trial, because the defendant in his answer is not content to deny the allegations of the petition, but has set forth what he says the real

transaction was, and says that Downing was the agent who brought about the sale from Wood to Zangerle, hence it is said that without having the evidence before this court the court is bound to say that there was error in admitting any evidence showing that an issue such as is spoken of in this charge could have been made. Perhaps it is not denied that if the defendant had contented himself with his general denial he might have shown that the sale was not made by the plaintiff in his sole capacity but made by a co-partnership, but they say that having gone on to set out the transaction and that Downing was not the agent, there could have been nowhere in the evidence anything to show that there was a co-partnership between Downing and the plaintiff. Without saying, because it is not necessary to say, whether the defendant might have introduced evidence on his part to show that there was a partnership, that he was acting as the agent and that therefore the plaintiff could not maintain the action by himself individually, it is sufficient to say that it is clear that in a cross-examination of the plaintiff's witnesses, if the plaintiff's witnesses had testified that the plaintiff did this work, that a cross-examination of such witnesses might very well have been made and as a result the fact of this co-partnership might have developed, or evidence tending to show such co-partnership. For myself I have no doubt that the defendant himself might have introduced evidence tending to show that there was this co-partnership, because I don't understand that he would be deprived of introducing this evidence if he had simply contented himself with a general denial, if he had added nothing to that. Again, speaking for myself, I think he could have shown that this was a co-partnership of which Willard was a member. We therefore think there was no error in the language of the court in the record we have before us, and the judgment is affirmed.